LoRING, J.,
delivered the opinion of the court:
The petitioner claims of the United States $5,266 29, with interest thereon, as an amount due him, aud for which he held three several liens on three steamboats purchased by the United States, and the court finds the facts to be—
That in the fall of the year 1861, the Neptune Steamship Company, through their agent, William P. Williams, contracted with Joseph B. Van Dusen to build three steamships, the Glaucus, the Neptune, and the Galatia. The ships were built and finished in the port of New York.
Mr. William P. Williams, in behalf of the Neptune Steamship Company, contracted with Henry Esler, of New York, a steam-engine and boiler manufacturer, in 1861 or 1862, to build machinery for the three boats, and he did so.
Henry Esler employed the petitioner, a coppersmith in New York, to do the coppersmith’s work on the machinery of the three steamboats, and the petitioner did it at the times and to the extent and amounts set forth in the three bills annexed, and marked respectively A, B, and C ; and these bills exhibit the materials and labor furnished and the just charges therefor, amounting in all to the sum of $5,266 29.
Before the said three steamers were finished, or. the work of the petitioner upon them completed, they were purchased by the United States, and taken by them into their possession and adopted and used as war steamers.
The petitioner, immediately after his employment on said steamers was completed, and at the several times indorsed on said bills respectively, and within six months after said debts were contracted, filed specifications thereof, under oath, in the office of the clerk of the county of New York, and clerk of the supreme court for said county, under the statute of the State of New York, passed April 24, 1862, c. 482, entitled “An act to provide for the collection of demands against ships and vessels,” and giving a lien thereon, and prescribing the mode of enforcing it in rem.
And thereafter, and in the month of August, 1863, the petitioner notified the United States, in writing, of his claims of lien on said three steamers, and of the filing of specifications thereof as above set forth.
And thereafter the United States, after receiving the said notice, paid the full price of said three steamers to the Neptune Steamship Company, by the hands of Isaac Henderson, treasury agent of the United States, who, for his security against the claims of the peti *305 tioner, required and received from William P. Williams five thousand dollars, whicli the said Henderson afterwards surrendered and returned to said Williams, on receipt of his bond of indemnity, with sureties.
Before tlie steamers were completed Esler failed in business, and became unable to pay the bills of the petitioner, who never demanded payment of Esler.

Opinion.

Upon the facts stated it was claimed for the petitioner that he had a valid lien on the three steamers when the United States purchased them, and that they were informed of the lien before they paid for them, and are now liable to him for its amount; because no suit or legal proceeding could be had against the United States except in this court.
And against this claim, it was contended for the United States that the petitioner had no valid lien and no remedy under State laws ; and none if not a suit in .personam in the admiralty court, whose jurisdiction of maritime contracts is exclusive.
In English and American law a contract for building and fitting a vessel, as distinguished from a contract for repairs and supplies, is not a maritime contract, and therefore is a subject not of admiralty jurisdiction, hut of local law merely.
This was decided by the Supreme Court for this country in 1857, in the case of the People’s Ferry Company v. Beers, 20 Howard, 393, and it was reaffirmed in 1859, in the case of Roach et al. v. Chapman et al., 22 Howard, 129. In the latter case'll mechanic who had furnished engines, &e., in the construction of a steamer built in Kentucky, claimed a lien on her under the law of that State, and libelled her in the port of New Orleans, in the district court of Louisiana. The district court sustained the claim, but the circuit court reversed the decree and dismissed the libel for want of jurisdiction. An appeal was taken to the Supreme Court, which affirmed the judgment of the circuit court, and said “ a contract for building a ship, or supplying engines, timber or other materials for her construction, is clearly not a maritime contract.”
“ Any former dicta or decisions which seemed to favor a contrary doctrine were overruled by this court in the case of The People’s Ferry Company v. Beers, 22 Howard, 400.”
This last remark refers to decisions of district courts in which the doctrine, that a lien given by State law on a maritime contract might be enforced in admiralty and in rem in the courts of the United States, *306 had been extended to contracts for the building or construction of a vessel. Some of these cases are cited in 20 Howard, 393, by the Supreme Court, which says of -them, “ thus far, however, in our judicial history no case of the kind has been sanctioned by this court.”
Upon these authorities, therefore, the lien claimed here is upon a contract not maritime, and therefore within the jurisdiction of State laws, and the question is whether it is a valid lien under the statute of New York, 1862, c. 482, relied upon and cited by the petitioner.
That statute gives the lien in these words: “ Whenever a debt, amounting to fifty dollars or upwards, as to a sea-going or ocean-bound vessel, * * * shall be contracted by the master, owner, charterer, builder, or consignee of any ship or vessel, or the agent of either of them.”
State statutes giving liens like that claimed here are “ stride juris” and are to be strictly coustrued, and liens claimed under them must be brought within their terms.
The petitioner claims that his contract was with “ the builder” of the three steamers. But the evidence shows that Mr. Van Dusen, ship-builder, was the builder of the- steamers upon a contract with their owners, the Neptune Steamship Company,- and that the petitioner’s contract was with Mr. Esler, steam-engine and boiler manufacturer, who, on a contract with the owners of the steamers, furnished machinery for them. But by this, Mr. Esler was no more their builder than the painter who painted them was their builder. And Mr. Esler was not the agent of the owners to contract with the petitioner, for there is nothing in the evidence to show or suggest that Mr. Esler was .the agent of anybody for anything; or anything more than a contractor to furnish machinery, who employed such sub-contractors as he pleased on his own account and responsibility, and not otherwise.
And the court finds as a conclusion of law that the petitioner had no lien-on the steamers G-laucus, Neptune, and Galatia, or either of them, when they were purchased by the United States, because as to each of the said steamers his contract for materials and labor thereon was not-with its. master or owner, charterer, builder, or consignee, or the agent of -either of them.
Judgment is to be entered for the defendants.